**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ELANCO US INC.**, a Delaware corporation<br><br>*Plaintiff,*<br><br>v.<br><br>**BIMEDA INC.**, a Delaware corporation, and **BIMEDA ANIMAL HEALTH LTD.**, an Irish company,<br><br>*Defendants.* | **Case No. 1:26-cv-11882**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, FALSE DESIGNATION OF ORIGIN, DECEPTIVE TRADE PRACTICES, COMMON LAW UNFAIR COMPETITION, TRADE DRESS INFRINGEMENT, AND UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Elanco US Inc. ("Elanco") brings this Complaint for trademark infringement, counterfeiting, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1127, and applicable state law, against Defendants Bimeda Inc. and Bimeda Animal Health Ltd. (collectively, "Bimeda") based on Bimeda's unauthorized adoption and promotion of a purple-colored liquid formulation for its MoxiSolv Pour-On product that infringes on Elanco's protected trade dress rights. In support of its Complaint, Elanco alleges as follows:

## NATURE OF THE CASE

1. This is an action for federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin and unfair competition under Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal trademark counterfeiting under Sections 32(1)(a) and 45 of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1127; and applicable state laws.

## THE PARTIES

2. Plaintiff Elanco US Inc. is a Delaware corporation with a principal place of business at 450 Elanco Circle, Indianapolis, Indiana 46221.

3. With a heritage dating back to 1954, Elanco is a global leader in animal health, dedicated to innovating and delivering products and services to prevent and treat disease in farm animals and pets. Elanco markets a diverse portfolio of approximately 200 brands in more than ninety countries.

4. Defendant Bimeda Inc. is a Delaware corporation. On information and belief, Bimeda Inc.'s principal place of business is 475 Martingale Rd., Suite 1200, Schaumburg, Illinois 60173. Bimeda Inc. is the U.S. agent for Bimeda Animal Health Ltd. and is the manufacturer of MoxiSolv Pour-On.

5. Defendant Bimeda Animal Health Ltd. is an Irish company with a principal place of business at 1B The Herbert Building, The Park, Carrickmines, Dublin 18, Ireland. Bimeda Animal Health Ltd. is the sponsor of Abbreviated New Animal Drug Application ("ANADA") No. 200-845 for MoxiSolv Pour-On, which was approved by the FDA on August 10, 2026.

## JURISDICTION AND VENUE

6. This action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1051 et seq. This Court has original subject-matter jurisdiction over Elanco's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court may exercise supplemental jurisdiction over Elanco's state-law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Bimeda Inc. because, on information and belief, Bimeda Inc. maintains its principal place of business in this District at 475 Martingale Rd., Suite 1200, Schaumburg, Illinois 60173. This Court has personal jurisdiction over Bimeda Animal Health Ltd. because, on information and belief, Bimeda Animal Health Ltd. has directed its infringing activities at the United States, including this District, through its sponsorship of MoxiSolv Pour-On and its use of Bimeda Inc. as its U.S. agent for the manufacture and distribution of MoxiSolv in the United States.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because, on information and belief, Bimeda Inc. resides in this District, a substantial part of the events or omissions giving rise to Elanco's claims occurred in this District, and both Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

### *Elanco's CYDECTIN® Brand and the Elanco Trade Dress*

9. Elanco is the owner of the CYDECTIN® brand of moxidectin-based parasiticide and endectocide products, which have been sold continuously in the United States since at least as early as 2000.

10. For more than a quarter-century, Elanco has included purple coloring in the liquid formulation of its CYDECTIN® brand pour-on product (the "Elanco Trade Dress").

11. Through exclusive and continuous use spanning more than twenty-five years, extensive advertising prominently featuring the purple-colored liquid, leading market share, and aggregate net sales exceeding $285 million in the period from 2017 through 2023 alone, Elanco Trade Dress has acquired strong secondary meaning and is exclusively associated by the relevant consuming public with Elanco and its CYDECTIN® brand.

12. The purple color of the CYDECTIN® pour-on product is not a natural by-product of the manufacturing process; it results from a purple dye deliberately added to the formulation. The purple color is not essential to the use or purpose of a pour-on parasiticide and does not affect the product's cost or quality. Numerous alternative color additives are available to manufacturers of externally applied veterinary drugs, and competing pour-on products are marketed in other colors.

13. The Elanco Trade Dress is nonfunctional. The color purple as applied to a liquid pour-on parasiticide and/or endectocide is not essential to the use or purpose of the product and does not affect the cost or quality of the product.

14. Given long-standing use of and strong secondary meaning in the Elanco Trade Dress, on January 25, 2023 Elanco filed Application Serial No. 97/768,048 (the "'048 Application") for the Elanco Trade Dress with the United States Patent and Trademark Office (the "USPTO"). The goods associated with the '048 Application were *veterinary preparations for treating or preventing parasite infestations; veterinary preparations for controlling and destroying vermin, namely, parasiticides; veterinary preparations, namely pour-on endectocides for cattle* in International Class 5.

15. The '048 Application matured into U.S. Federal Registration No. 7,657,229 (the "'229 Registration") on January 21, 2025. A true and accurate copy of the Registration Certificate for the '229 Registration is attached hereto as **Exhibit A**.

16. The '229 Registration confirms what the marketplace has long recognized: the color purple, as applied to liquid pour-on parasiticides and endectocides, is a source identifier belonging exclusively to Elanco.

### *Bimeda's Infringing Conduct*

17. On August 10, 2026, the U.S. Food and Drug Administration (the "FDA") approved Bimeda's ANADA No. 200-845 for MoxiSolv Pour-On (moxidectin), a 5 mg/mL topical solution for beef and dairy cattle.

18. The FDA's approval was based on a biowaiver, as MoxiSolv has the same active ingredient, concentration, and dosage form as Elanco's CYDECTIN® brand of pour-on moxidectin-based parasiticide and endectocide products.

19. A DailyMed listing indicates a marketing start date of August 20, 2026.

20. The FDA's determination that MoxiSolv is bioequivalent to Elanco's CYDECTIN® brand of pour-on moxidectin-based parasiticide and endectocide products does not confer, and cannot be understood to confer, any right to use the Elanco Trade Dress or any of Elanco's trademarks or trade dress. Regulatory approval addresses safety and efficacy; it has no bearing on trademark ownership or the lawfulness of appropriating another company's source-identifying features.

21. Despite this, Bimeda has adopted a purple-colored liquid formulation for MoxiSolv that is, on information and belief, identical to the Elanco Trade Dress.

22. Like Elanco's CYDECTIN® brand of pour-on moxidectin-based parasiticide and endectocide products, MoxiSolv is a ready-to-use, purple-colored topical formulation applied in a narrow strip along the top of the back from the withers to the tailhead—the identical application method used for Elanco's CYDECTIN® brand pour on product.

23. Bimeda recently promoted this infringement at its booth at the American Association of Bovine Practitioners trade show in Minneapolis, Minnesota in late August 2026.

Specifically, Bimeda's promotional materials highlighted a "highly visible purple marker dye" and displayed the slogan "Purple on. Parasites gone."

24. A photograph of Bimeda's booth at the August 2026 American Association of Bovine Practitioners trade show is below:



25. Bimeda also expressly positions MoxiSolv as the "first bioequivalent to Cydectin Pour-On," thereby inviting a direct association between MoxiSolv's purple color and the Elanco Trade Dress.

*26.* On information and belief, Bimeda has also directly solicited Elanco's customers who have long-standing relationships with Elanco and its CYDECTIN® brand, offering MoxiSolv as an alternative while prominently featuring the identical purple-colored formulation in its sales materials.

***Bimeda's Conduct Is Calculated to Cause Confusion***

27. Bimeda's deliberate adoption of Elanco's distinctive purple color, coupled with aggressive marketing that calls attention to that color as a key product attribute, is calculated to trade on the goodwill Elanco has built over more than a quarter-century and to cause confusion among the relevant consuming public as to the source or sponsorship of MoxiSolv.

28. Bimeda has no right, license, or authority from Elanco to use the Elanco Trade Dress or anything confusingly similar to it.

29. As a direct and proximate result of Bimeda's actions described in this Complaint, Elanco has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Bimeda's actions are preliminarily and permanently enjoined.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

30. Elanco incorporates by reference each of the preceding paragraphs as if fully set forth herein.

31. Elanco is the owner of the '229 Registration for the Elanco Trade Dress, which is valid and subsisting on the Principal Register of the USPTO.

32. Through exclusive and continuous use over more than a quarter-century, extensive advertising, leading market share, and sales exceeding $285 million from 2017 through 2023, the Elanco Trade Dress has acquired strong secondary meaning and is exclusively associated by the relevant consuming public with Elanco and its CYDECTIN® brand.

33. The Elanco Trade Dress is nonfunctional. The color purple as applied to a liquid pour-on parasiticide and/or endectocide is not essential to the use or purpose of the product and does not affect the cost or quality of the product.

34. Without Elanco's consent, Bimeda has used and continues to use a reproduction, counterfeit, copy, or colorable imitation of the Elanco Trade Dress in connection with the sale, offering for sale, distribution, and advertising of MoxiSolv Pour-On, a product that directly competes with Elanco's CYDECTIN® brand pour-on product.

35. Bimeda's use of the Elanco Trade Dress is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship, or approval of Bimeda's goods among the relevant purchasing public.

36. Bimeda's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. On information and belief, Bimeda's infringement has been willful. Elanco filed the '048 Application with the USPTO on January 25, 2023, which was publicly available and discoverable through a routine trademark clearance search. The '229 Registration, which issued on January 21, 2025, constitutes constructive notice of Elanco's claim of ownership in the Elanco Trade Dress pursuant to 15 U.S.C. § 1072. Bimeda's FDA approval and marketing launch occurred more than three years after the '048 Application was filed and more than eighteen months after the '229 Registration issued.

38. A reasonably diligent competitor would have already been aware of the Elanco Trade Dress or, at minimum, would have discovered the ’048 Application and the ’229 Registration before launching a directly competing product. Bimeda knew or should have known of Elanco’s prior and exclusive rights in the Elanco Trade Dress, yet it deliberately adopted an identical purple color for MoxiSolv and aggressively marketed that color—conduct calculated to trade on the goodwill Elanco has built over more the past quarter century.

39. As a direct and proximate result of Bimeda’s conduct, Elanco has suffered and will continue to suffer irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law.

40. Elanco has also suffered and will continue to suffer monetary damages, including lost profits and diminution of the value of the Elanco Trade Dress. Elanco is entitled to recover Bimeda’s profits, actual damages, and enhanced damages pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

41. Elanco incorporates by reference each of the preceding paragraphs as if fully set forth herein.

42. Through exclusive and continuous use over more than a quarter-century, extensive advertising, leading market share, and sales exceeding $285 million from 2017 through 2023, the Elanco Trade Dress has acquired strong secondary meaning and is exclusively associated by the relevant consuming public with Elanco and its CYDECTIN® brand.

43. The Elanco Trade Dress is nonfunctional. The color purple as applied to a liquid pour-on parasiticide and/or endectocide is not essential to the use or purpose of the product and does not affect the cost or quality of the product.

44. Without Elanco's consent, Bimeda has used and continues to use the Elanco Trade Dress in connection with the sale, offering for sale, distribution, and advertising of MoxiSolv Pour-On in a manner likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship, or affiliation of Bimeda's goods with Elanco.

45. Bimeda's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. On information and belief, Bimeda's conduct has been willful. Elanco filed the '048 Application with the USPTO on January 25, 2023, which was publicly available and discoverable through a routine trademark clearance search. The '229 Registration, which issued on January 21, 2025, constitutes constructive notice of Elanco's claim of ownership in the Elanco Trade Dress pursuant to 15 U.S.C. § 1072. Bimeda's FDA approval and marketing launch occurred more than three years after the '048 Application was filed and more than eighteen months after the '229 Registration issued.

47. A reasonably diligent competitor would have already been aware of the Elanco Trade Dress or, at minimum, would have discovered the '048 Application and the '229 Registration before launching a directly competing product. Bimeda thus knew or should have known of Elanco's prior and exclusive rights in the Elanco Trade Dress, yet it deliberately adopted an identical purple color for MoxiSolv and aggressively marketed that color—conduct calculated to trade on the goodwill Elanco has built over the past quarter century.

48. As a direct and proximate result of Bimeda's conduct, Elanco has suffered and will continue to suffer irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law.

49. Elanco has also suffered and will continue to suffer monetary damages, including lost profits and diminution of the value of the Elanco Trade Dress. Elanco is entitled to recover Bimeda's profits, actual damages, and enhanced damages pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## FEDERAL TRADEMARK COUNTERFEITING UNDER SECTIONS 32(1)(a) AND 45 OF THE LANHAM ACT (15 U.S.C. §§ 1114(1)(a), 1127)

50. Elanco incorporates by reference each of the preceding paragraphs as if fully set forth herein.

51. The Elanco Trade Dress, as embodied in the '229 Registration, is a registered mark within the meaning of 15 U.S.C. § 1127.

52. Through exclusive and continuous use over more than a quarter-century, extensive advertising, leading market share, and sales exceeding $285 million from 2017 through 2023, the Elanco Trade Dress has acquired strong secondary meaning and is exclusively associated by the relevant consuming public with Elanco and its CYDECTIN® brand.

53. The Elanco Trade Dress is nonfunctional. The color purple as applied to a liquid pour-on parasiticide and/or endectocide is not essential to the use or purpose of the product and does not affect the cost or quality of the product.

54. Bimeda's adoption of a purple-colored liquid formulation for MoxiSolv that is, on information and belief, identical to the Elanco Trade Dress constitutes the intentional use of a spurious mark that is identical with, or substantially indistinguishable from, the Elanco Trade Dress.

55. On information and belief, Bimeda's use of a mark identical to or substantially indistinguishable from the Elanco Trade Dress in connection with the sale, offering for sale, or

distribution of goods for which the Elanco Trade Dress is registered constitutes counterfeiting within the meaning of 15 U.S.C. § 1127.

56. Bimeda's counterfeiting has been willful and deliberate. Elanco filed the '048 Application with the USPTO on January 25, 2023, which was publicly available and discoverable through a routine trademark clearance search. The '229 Registration, which issued on January 21, 2025, constitutes constructive notice of Elanco's claim of ownership in the Elanco Trade Dress pursuant to 15 U.S.C. § 1072. Bimeda's FDA approval and marketing launch occurred more than three years after the '048 Application was filed and more than eighteen months after the '229 Registration issued.

57. A reasonably diligent competitor would have already been aware of the Elanco Trade Dress or, at minimum, would have discovered the '048 Application and the '229 Registration before launching a directly competing product. Bimeda thus knew or should have known of Elanco's prior and exclusive rights in the Elanco Trade Dress, yet it deliberately adopted an identical purple color for MoxiSolv and aggressively marketed that color—conduct calculated to trade on the goodwill Elanco has built over the past quarter century.

58. As a direct and proximate result of Bimeda's conduct, Elanco has suffered and will continue to suffer irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law.

59. Elanco has also suffered and will continue to suffer monetary damages, including lost profits and diminution of the value of the Elanco Trade Dress. Elanco is entitled to recover Bimeda's profits, actual damages, enhanced damages, and, to the extent Bimeda's conduct constitutes counterfeiting, mandatory treble profits or damages and statutory damages pursuant to 15 U.S.C. § 1117(a), (b), and (c).

## COUNT IV
## DECEPTIVE TRADE PRACTICES UNDER THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/2)

60. Elanco incorporates by reference each of the preceding paragraphs as if fully set forth herein.

61. Bimeda's conduct, as described above, constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, in that Bimeda has passed off its goods as those of another, caused likelihood of confusion or misunderstanding as to the source, sponsorship, or affiliation of MoxiSolv with Elanco, and otherwise engaged in conduct likely to create consumer misunderstanding through the use of trade dress substantially similar to the Elanco Trade Dress.

62. On information and belief, Bimeda's adoption and use of the Elanco Trade Dress was willful, deliberate, and calculated to trade on Elanco's goodwill.

63. As a direct and proximate result of Bimeda's willful conduct, Elanco has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill, and is entitled to injunctive relief and an award of reasonable attorneys' fees and costs pursuant to 815 ILCS 510/3.

## COUNT V
## ILLINOIS COMMON-LAW UNFAIR COMPETITION AND TRADE-DRESS INFRINGEMENT

64. Elanco incorporates by reference each of the preceding paragraphs as if fully set forth herein.

65. Bimeda's conduct, as described above, constitutes unfair competition and trade-dress infringement under Illinois common law. Bimeda has used the Elanco Trade Dress in a manner likely to cause confusion or misunderstanding as to the source, sponsorship, or affiliation

of MoxiSolv with Elanco, applying the same protectability and likelihood-of-confusion standards as the Lanham Act.

66. On information and belief, Bimeda's adoption and use of the Elanco Trade Dress was willful, deliberate, and calculated to trade on Elanco's goodwill.

67. As a direct and proximate result of Bimeda's conduct, Elanco has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill.

68. Elanco has also suffered and will continue to suffer monetary damages, including lost profits and diminution of the value of the Elanco Trade Dress, and is entitled to all remedies available under Illinois common law.

## COUNT VI
## UNJUST ENRICHMENT

69. Elanco incorporates by reference each of the preceding paragraphs as if fully set forth herein.

70. Bimeda has been unjustly enriched at Elanco's expense by misappropriating the goodwill, reputation, and commercial value associated with the Elanco Trade Dress.

71. By adopting a purple-colored liquid formulation for MoxiSolv that is identical to the Elanco Trade Dress, Bimeda has obtained a benefit—namely, the ability to trade on the goodwill that Elanco has developed over more than a quarter century of exclusive use, extensive advertising, and aggregate net sales exceeding $285 million.

72. Bimeda's benefit was obtained at Elanco's expense. By appropriating the Elanco Trade Dress, Bimeda has diverted sales and customers that would otherwise have gone to Elanco, diminished the distinctiveness of Elanco's intellectual property, and diminished the value of Elanco's substantial investment in building and protecting its brand.

73. It would be unjust for Bimeda to retain the benefit it has received without compensating Elanco. Bimeda did not develop, invest in, or create the goodwill associated with the Elanco Trade Dress, yet Bimeda has deliberately exploited that goodwill to promote and sell MoxiSolv.

74. Bimeda's unjust enrichment was willful. As set forth above, a reasonably diligent competitor would have been aware of the Elanco Trade Dress, and Bimeda knew or should have known of Elanco's prior and exclusive rights before launching MoxiSolv.

75. As a direct and proximate result of Bimeda's unjust enrichment, Elanco has suffered monetary damages and is entitled to disgorgement of Bimeda's profits, restitution, and all other remedies available at law and in equity.

## PRAYER FOR RELIEF

**WHEREFORE**, Elanco respectfully requests that this Court enter judgment in its favor and against Bimeda and grant the following relief:

A. A preliminary and permanent injunction restraining Bimeda and its officers, directors, employees, agents, affiliates, subsidiaries, successors, assigns, and all persons in active concert or participation with any of them, from manufacturing, offering for sale, selling, distributing, importing, advertising, promoting, or otherwise commercially exploiting MoxiSolv Pour-On or any other product bearing or incorporating a purple or purple-colored liquid formulation that infringes the Elanco Trade Dress, and from using the slogan "Purple on. Parasites gone." or any other advertising or marketing that features, references, or highlights the color purple in connection with liquid pour-on parasiticides and endectocides, pursuant to 15 U.S.C. § 1116;

B. Compensatory damages, disgorgement of Bimeda's profits, and enhanced damages under 15 U.S.C. § 1117(a);

C. An award of reasonable attorneys' fees and costs in this exceptional case under 15 U.S.C. § 1117(a);

D. Seizure and impoundment of infringing goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements pursuant to 15 U.S.C. § 1116(d);

E. To the extent Bimeda's conduct is found to constitute counterfeiting: mandatory treble profits or damages and attorneys' fees under 15 U.S.C. § 1117(b), and/or statutory damages up to $2,000,000 per counterfeit mark per type of goods or services under 15 U.S.C. § 1117(c);

F. Injunctive relief under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3, together with reasonable attorneys' fees and costs for Bimeda's willful violations, and all other rights and remedies available at law and in equity under applicable Illinois state law, including common-law unfair competition;

G. An award of prejudgment and post-judgment interest on all monetary relief awarded to Elanco, at the maximum rates permitted by applicable law, from the earliest dates permitted by law until the judgment is paid in full;

H. Such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Elanco respectfully demands a trial by jury on all issues so triable in this action.

Dated: September 28, 2026

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Lisa S. Carlson*
Lisa S. Carlson (IL Bar No. 6332526)
lisa.carlson@faegredrinker.com
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: +1 317 569 1000

Louis T. Perry (PHV Forthcoming)
Abe Jentry Shanehsaz (PHV Forthcoming)
louis.perry@faegredrinker.com
abe.shanehsaz@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: +1 317 237 0300

Ryan M. Cooney (PHV Forthcoming)
ryan.cooney@faegredrinker.com
1470 Walnut Street, Suite 300
Boulder, Colorado 80302
Telephone: +1 303 447 7735

*Attorneys for Plaintiff Elanco US Inc.*